No. 124.

CITY OF SHREVEPORT vs. FANNY ROOS.

Municipal corporations may adopt ordinances for the good order of the community, and where the power to suppress bawdy houses is conferred, the power to adopt means for that suppression follows by necessary implication.

An ordinance which prohibits bawdy houses being kept in an indecent manner need not specify the various acts of indecency which will render its keeper liable to punishment.

APPEAL from the Mayor's Court of Shreveport.

*Wm. A. Seay*, City Attorney, for Plaintiff and Appellee.

*Hicks & Hicks* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The defendant was tried before the mayor of Shreveport on a charge of keeping a disorderly house of ill fame in an indecent manner, and thereby causing and maintaining a nuisance, and upon conviction was fined fifty dollars, and ordered out of the premises.

The ordinances of the corporation require that houses of ill fame within the town, which shall be conducted in an indecent manner, or so conducted as to be nuisances, shall be abated by compelling the parties to abandon the premises, and power is given the mayor to close them and fine the occupant. The charter gives full authority to the council to pass the ordinances, and to the mayor to enforce them.

Copies of the ordinances are in the transcript and objection is made here that they are not signed by the mayor. It was not raised below so that the plaintiff might have been put on guard, and exhibited the signed ordinances in full. Sections only of ordinances were offered in evidence—those which related to the matter in hand—and each section was of course not signed.

The ordinances are attacked as unconstitutional, but it is not now disputed that municipal corporations may adopt laws and regulations touching the good order of the community, and where the power to suppress bawdy houses is conferred, the corporation has by implication and of necessity the power to adopt proper means to accomplish it. Dillon Munic. Corp. §§ 93 and 310.

A more serious objection is that the ordinance does not create any specific offenee, and that the phrase " conduct a house of ill fame in an indecent manner" is uncertain and vague. It could scarcely be expected that an ordinance affecting houses of this kind should specify the particular act of indecency which will render its inmates obnoxious to the law's denunciation. These acts may be so various in kind and so differing in degree, and withal so numerous, as to defy specification. The experience of the city fathers in that domain is doubtless so limited that in drafting an ordinance which should comprehend all the indecent convolutions of lascivious cyprians, they would be forced to put fancy on the wing, and imagine postures they never beheld. This would be dangerous occupation. Neither the law, nor the right of accused parties to be informed of the nature of the accusation against them, imposes such particularization upon the coporation authorities.

The prohibition is of keeping a bawdy house in a disorderly and indecent manner. The offence of keeping a disorderly house is a well recognized misdemeanor in many States, and the statute denouncing it

does not undertake to specify what particular acts shall be deemed disorderly within the meaning of the statute, nor was it ever supposed essential. In like manner this ordinance prohibiting a bawdy house being kept in an indecent manner clothes the magistrate necessarily with the discretion to determine whether the particular acts proved are indecent. We have not a doubt the mayor decided correctly in the present instance.

Judgment affirmed.